Ronald WILLIS, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES, et al.,
Defendants—Appellees.

No. 01–56517.
D.C. No. CV–97–05836–NM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Dec. 20, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

### MEMORANDUM *

Ronald Willis appeals the district court's grant of summary judgment to the appellees, the City of Los Angeles, Todd Rheingold, Nicole Broadwater, Edwin Arneson and Don Schwartzer, on Willis's claims under section 1983 for false arrest and malicious prosecution, and on his claims under California law for conspiracy, negligent employment, negligence, and "torts in essence." Willis went to trial on his claims of excessive force under section 1983 and of assault and battery under California law. Willis also appeals the district court's ruling on two of his jury instructions and an evidentiary ruling. We conclude that summary judgment was properly granted on all but one of the claims that were summarily dismissed, and that there was no error at trial. However, we reverse the grant of summary judgment on Willis's claim of false arrest made by Rheingold in violation of section 1983, concluding that a genuine issue of material fact was presented on that claim, which should have been permitted to go to trial.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

Grants of summary judgment are reviewed de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001)). In ruling on a motion for summary judgment, the judge must leave "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts" to the jury. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II

█ In his first arrest, for battery on a peace officer, Willis was arrested under California Penal Code § 243(b), which punishes offenders who commit battery on a peace officer when "the person committing the offense knows or reasonably should know that the victim is a peace officer." Willis claims that Rheingold never identified himself as a police officer. Rheingold, Broadwater, and the two independent witnesses all stated that Rheingold identified himself as an officer.[1] However, by testifying in his sworn deposition that Rheingold did not so identify himself,[2] Willis created a genuine issue for trial.

█ Credibility determinations are generally inappropriate at the summary judgment stage. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Deppe v. United Airlines*, 217 F.3d 1262, 1266 (9th Cir.2000).

We have held that when determining whether a party has created facts sufficient to defeat a motion for summary judgment, a court may disregard the party's sworn testimony if the testimony is internally inconsistent, but that otherwise "the judge must view the evidence in the light most favorable to the nonmoving party: if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999) (quotation marks and citation omitted). We concluded that even when we can "understand the district court's disbelief of [a party's] assertions in his deposition and sworn declaration, such disbelief cannot support summary judgment [for the adverse party]." *Id.* at 1159.

Here, Willis's testimony was not internally inconsistent. Willis asserted that Rheingold never identified himself as an officer, while Rheingold, Broadwater, and the two independent witnesses all stated that Rheingold did so identify himself. While we may be skeptical about Willis's story, it is improper to disregard it when making a summary judgment determination. We cannot say that Willis's testimony on its face was a sham, nor that no reasonable jury could have credited his testimony. Willis raised a genuine issue for trial by testifying in his deposition,

---

**1.** When Willis was first arrested, on October 14, 1996, Rheingold, Broadwater, and both independent witnesses told the Upland police that Rheingold had identified himself as an officer, and those statements were recorded in the Upland Police Department's report, which was included in Willis's Exhibits in Support of Opposition to Motion for Summary Judgment. On December 11, 1997, at Willis's trial in state court, Rheingold testified that he identified himself as an officer when he got out of his car. Knighten so testified on

December 15, 1997, at Willis's trial in state court.

**2.** Willis stated that when he arrived at the Upland Police Department and was charged with battery on a peace officer, "that was the first time I knew [Rheingold] was police at all." Willis made that statement in his February 3, 1998 deposition in his federal case, which was included in his Exhibits in Support of Opposition to Motion for Summary Judgment.

submitted by affidavit opposing summary judgment, that Rheingold did not identify himself as a police officer. We therefore reverse the district court's grant of summary judgment to Rheingold on the section 1983 claim for false arrest on October 14, 1996. Even though Willis's testimony that Rheingold was not identified as an officer was contradicted by Rheingold, by Rheingold's girlfriend Broadwater, and by both independent witnesses, Willis was entitled to present his version of the facts to a jury. His story was not so far beyond the bounds of possibility as to remove it from consideration by the trier of fact. His story and the testimony of the other four witnesses raised a genuine fact issue that was fair game for cross-examination and a decision by the jury.

■ In reaching a contrary conclusion, the district court found that probable cause existed to arrest Willis for reckless driving and held further that there was a constitutional violation "only if plaintiff was arrested without probable cause for any crime, rather than a specific crime." We disagree. Where probable cause is lacking for the offense for which a suspect was arrested, "[p]robable cause may still exist for a *closely related offense,* even if that offense was not invoked by the arresting officer, as long as it involves the *same conduct* for which the suspect was arrested." *Gasho v. United States,* 39 F.3d 1420, 1428 n. 6 (9th Cir.1994) (citation omitted) (emphasis added). Here, the charges were not based on the same conduct. Driving recklessly and antagonistically is not the same as striking a police officer in a physical struggle. Therefore, the cause to arrest for reckless driving

cannot be used to conclude there was cause for arrest for battery on a peace officer.

■ On the other hand, we conclude that summary judgment was appropriate and there was no genuine issue of material fact about probable cause for Willis's second arrest, for simple battery. All witnesses, including Willis himself, agreed that there was a physical struggle. On the charge of simple battery, it made no difference whether Rheingold identified himself as an officer. While Willis could raise an affirmative defense to the battery charge by claiming that Rheingold started the fight, that does not mean that the Upland Police Department lacked probable cause to arrest Willis on this charge. *See McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir.1984).

### III

■ Willis challenges the summary judgment dismissing his claim that his second arrest, for reckless driving and battery, was a malicious prosecution that resulted from a conspiracy among Rheingold, Broadwater, and Arneson to cover up Rheingold's misconduct.[3] A claim for malicious prosecution under section 1983 must be based on the state-law elements of the tort. *See Usher v. Los Angeles,* 828 F.2d 556, 562 (9th Cir.1987). In California, those elements are: "(1) a judicial proceeding favorably terminated; (2) lack of probable cause; and (3) malice." *Jaffe v. Stone,* 18 Cal.2d 146, 149, 114 P.2d 335 (1941). When Willis was tried in state court, the jury hung on the battery charge, and the court dismissed that charge "in the interest of justice" pursu-

---

**3.** Malicious prosecution is the only substantive cause of action that Willis alleged in conjunction with his federal claim of conspiracy. Since we conclude that the malicious prosecution claim fails for want of a favorable

termination, we need not examine the federal conspiracy claim separately. However, from what appears in the record, this claim of conspiracy is entirely without merit.

ant to California Penal Code § 1385(a), which provides that "[t]he judge may ... of his or her own motion ... order an action to be dismissed." Willis argues that this dismissal could be considered an acquittal, and that the federal jury should have been allowed to decide whether it was a favorable termination. He is incorrect.

In *People v. Hatch,* 22 Cal.4th 260, 92 Cal.Rptr.2d 80, 991 P.2d 165 (2000), the California Supreme Court explained that a section 1385 dismissal should not be considered a favorable termination absent "clear evidence" for that conclusion:

> [S]ection 1385 dismissals ... should *not* be construed as an acquittal for legal insufficiency ... unless the record clearly indicates that the trial court applied the substantial evidence standard. Specifically, the record must show that the court viewed the evidence in the light most favorable to the prosecution and concluded that no reasonable trier of fact could find guilt beyond a reasonable doubt.... Absent such a showing, we will assume the court did not intend to dismiss for legal insufficiency.

*Id.* at 273, 92 Cal.Rptr.2d 80, 991 P.2d 165 (footnote and citations omitted). Willis has not shown that the court applied the substantial evidence standard when dismissing the battery charge pursuant to section 1385. There was no error in the district court's grant of summary judgment to the appellees on this charge.

## IV

Willis challenges the summary judgment dismissing his claim that Rheingold, Broadwater, Arneson, and Schwartzer violated California law by conspiring to file false police reports that concealed Rheingold's misconduct during his struggle with Willis; conspiring to give false statements to the Upland Police Department; and

conspiring to give mutually supportive false testimony in court. Willis alleged in his complaint and argued in briefing that the conspiracy led to false arrest, malicious prosecution, and intentional infliction of emotional distress.

■ The evidence presented on the summary judgment motions, however, raised no genuine issue sufficient to keep alive Willis's California law conspiracy claim. The California courts have stated that "[s]tanding alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 511, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). The false arrest that Willis alleges in conjunction with his conspiracy claim is the second arrest, on December 10, 1996. Because the district court properly granted summary judgment to the appellees on that claim, as we have explained, it does not support a conspiracy claim. Because the district court properly granted summary judgment to the appellees on Willis's malicious prosecution claim, as we have also explained, it does not support a conspiracy claim either. Though Willis asserts that the appellees conspired to inflict emotional distress on him, he offered no legal authority for this claim, and made no reference to the California law on this tort, either before the district court or in his opening brief before us. Because Willis did not present sufficient argument in his opening brief, he waived this claim. *See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.,* 841 F.2d 918, 924 (9th Cir.1988); *see also* Fed. R.App. P. 28(a)(4) (requiring appellant's brief to include citations to the authorities).

■ Willis also asserted that the alleged conspiracy proceeded by the filing of false police reports to institute and pursue charges against him. But this claim raises

no genuine issue of liability. Under California Government Code § 821.6,[4] the appellee police officers are immunized from suit for filing false police reports and providing false statements pertinent to the charges made against Willis. The California courts have interpreted section 821.6 to immunize police officers from suit for concealing evidence, *Randle v. City of San Francisco,* 186 Cal.App.3d 449, 230 Cal. Rptr. 901 (1986), and for presenting false information to a district attorney, *Asgari v. City of Los Angeles,* 15 Cal.4th 744, 752, 63 Cal.Rptr.2d 842, 937 P.2d 273 (1997). Section 821.6 immunizes the appellee police officers from suit in this case based on alleged false reports related to instituting or prosecuting charges against Willis.

■ The district court reasoned that filing false police reports and providing false statements to a police department could not support Willis's conspiracy claim because they do not involve independent torts. We agree.

There remains the allegation that Rheingold and Broadwater conspired to provide false statements at trial. However, mere differences of recollection and testimony do not make a conspiracy. Moreover, the testimony of Rheingold and Broadwater was corroborated by the two independent witnesses, Cathy Ann Rimes and Darrel Knighten. The district court correctly concluded that there was no admissible evidence that would have allowed a rational fact finder to infer the alleged conspiracy. There was no error in the district court's grant of summary judgment to the appellees on Willis's conspiracy claim.

V

■ Willis challenges the summary judgment dismissing his claim that the

City of Los Angeles is liable under California law for negligent hiring or retention of Rheingold, Arneson, and Schwartzer. Such liability requires that "the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities,* 50 Cal.App.4th 1038, 1054, 58 Cal.Rptr.2d 122 (1996) (citation omitted). Willis alleges that Rheingold's personnel file includes a number of complaints accusing him of misconduct, and that Arneson and Schwartzer failed to discharge their duty to initiate a personnel complaint. The district court concluded that Willis failed to offer any evidence on this charge beyond the bare allegation in the pleading. We agree.

Willis presented no evidence and points to nothing in the record that shows that the City of Los Angeles should have known that Arneson and Schwartzer posed a particular risk of harm. As regards the complaints in Rheingold's personnel file, Willis points to a redacted list of incidents that nowhere bears Rheingold's name, nor does it give any information about the incidents listed there except for the date of their occurrence. Willis also points to a declaration filed in anticipation of this litigation by Philip San Angelo, concerning a physical altercation between San Angelo and Rheingold on April 3, 1996. That declaration was not available to the City of Los Angeles until this litigation began. The police report filed at the time of the incident gives no details about the altercation, nor does it show how this incident was resolved or whether any action was taken against Rheingold. Nothing in this report or in Rheingold's personnel file shows that the City of Los Angeles should

---

**4.** "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

have known that he posed a particular risk of harm. There was no error in the district court's grant of summary judgment to the appellees on this claim.

## VI

■ Willis challenges the summary judgment dismissing his claim that Rheingold, Broadwater, Arneson, and Schwartzer were negligent under California law because they owed him a duty of care which they breached when Rheingold "operated his motor vehicle in a negligent manner, deployed his LAPD authorized firearm in contravention of LAPD regulations, [and] negligently subjected [Willis] to unlawful arrest and damages." The California courts have stated that "[w]hether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability." *Marlene F. v. Affiliated Psychiatric Med. Clinic Inc.*, 48 Cal.3d 583, 588, 257 Cal. Rptr. 98, 770 P.2d 278 (1989) (citation omitted).

Willis's allegations pertain only to Rheingold. There is no basis at all for asserting that the other three appellees were negligent, and all claims against them on this score were properly dismissed by summary judgment.

As to Rheingold, the district court correctly observed that Willis nowhere addresses the legal standards that would show that Rheingold owed him a duty of care under California law as to Rheingold's driving, use of firearm, and asserted false arrest. No theory of duty and injury under California law sufficient to support this claim has been presented to us.

## VII

■ Willis challenges the summary judgment dismissing his claim that the appellees committed "torts in essence" by breaching duties that they owed him under fourteen California Penal and Vehicle Code provisions concerning such matters as perjury, California Penal Code § 118; filing false police reports, California Penal Code § 118.1; offering false evidence, California Penal Code § 132; battery, California Penal Code § 242; and reckless driving, California Vehicle Code § 23103. The district court properly granted summary judgment to the appellees, finding that the statutes cited do not create private rights of action.

> California Government Code § 815.6 provides that [w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

The California courts have stated that "section 815.6 requires that the enactment at issue be *obligatory,* rather than merely discretionary or permissive, in its directions to the public entity; it must *require,* rather than merely authorize or permit, that a particular action be taken or not taken." *Haggis v. City of Los Angeles,* 22 Cal.4th 490, 498, 93 Cal.Rptr.2d 327, 993 P.2d 983 (2000) (citation omitted). Further, "[t]he plaintiff must show the injury is one of the consequences which the [Legislature] sought to prevent through imposing the alleged mandatory duty." *Id.* at 499, 93 Cal.Rptr.2d 327, 993 P.2d 983 (quotation marks and citations omitted). Such a showing requires resort to "the legislative *purpose* of imposing the duty. That the enactment 'confers some benefit' on the class to which plaintiff belongs is not enough." *Id.* (citation omitted).

Willis argues that *Haggis* dispenses with any requirement of legislative intent to create a private cause of action. He is incorrect. *Haggis* merely denied that "liability under section 815.6 requires that the enactment establishing a mandatory duty *itself* manifest an intent to create a private right of action." *Id.* The burden was on Willis to demonstrate that the Penal and Vehicle Code sections in question were intended by the legislature to create mandatory duties and to prevent the particular injuries he allegedly suffered. Willis has not set forth any specific facts showing that there was a genuine issue for trial on this claim. There was no error in the district court's grant of summary judgment to the appellees on this claim.

## VIII

We now turn to consideration of the alleged errors that occurred at trial on the claims that proceeded past the summary judgment stage.[5]

■■■ In pursuing his claim of excessive force under section 1983, Willis requested two jury instructions that the district court refused to permit. First, Willis would have asked the jury to consider whether Rheingold used his firearm during the struggle in a manner that constituted excessive force under the California Penal Code. Second, Willis would have asked the jury to consider whether Rheingold's conduct while driving constituted assault with a deadly weapon under the California Penal Code. Challenges to jury instructions are reviewed under the harmless error standard. Such review requires a deter-

mination of "whether, considering the charge as a whole, the court's instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." *Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir.1988) (citation omitted). The district court instructed the jury that under California Penal Code § 835, a police officer may use reasonable force to effect an arrest. The court properly directed the jury to consider whether the degree of force that Rheingold used was reasonable under the circumstances. The two jury instructions offered by Willis would have asked the jury to consider whether Rheingold committed a crime, and did not frame that question in terms of the degree of force that Rheingold could reasonably have used to arrest Willis. There was no error in the district court's refusal to use either of these instructions in light of the actual instructions given, which permitted Willis fairly to present his theory of excessive force offending section 1983.

## IX

Willis argues that the district court violated the Federal Rules of Evidence by improperly limiting his examination of Broadwater. Evidentiary rulings at trial are reviewed for abuse of discretion. *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 886 (9th Cir.2002). Broadwater testified during Willis's prosecution for battery and reckless driving in state court in 1997. Willis called her as a witness in his federal suit in 2001. On the latter occasion, Broadwater stated that she did not remember many of the details to which she had testified in 1997. Willis sought to discredit her by showing that those details

---

5. Contrary to Willis's suggestion at oral argument, reversal of the summary judgment as to the probable cause for arrest cause of action does not require reversal of the trial verdict. At trial, the instructions on the section 1983 excessive force claim assumed only that Rheingold was a police officer and therefore entitled to use force (although not excessive force). This was correct. Whether Willis *knew* Rheingold was a police officer, the issue on which we conclude there was a conflict of evidence precluding summary judgment, was of no moment.

contradicted the story she now told. The district court told Willis, "[Y]ou can't call a witness in order to impeach her." Willis contends this violated Fed.R.Evid. 804(a)(3), which creates a hearsay exception when a declarant "testifies to a lack of memory of the subject matter of the declarant's statement." Willis also alleges that the court violated Fed.R.Evid. 607, which provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness."

Willis never sought to introduce Broadwater's previous statements pursuant to Rule 804(a)(3). The district court did not forbid Willis to refer to the details of Broadwater's previous testimony, and he did refer to those details during his questioning. There is no basis for Willis's claims concerning either Rule 607 or 804(a)(3). The court did not attempt to stop Willis from impeaching Broadwater or from attacking her credibility. There was no abuse of discretion in the district court's rulings concerning Willis's use of Broadwater's prior testimony.

X

The district court erred in granting summary judgment to the appellees on Willis's claim of false arrest as to the first arrest of Willis for battery of a police officer. However, we conclude that there was no error in the court's other grants of summary judgment, that the rulings made at trial on jury instructions were not error, and that there was no abuse of discretion in the district court's rulings relating to scope of testimony and admission of evidence.

AFFIRMED in part; REVERSED in part and REMANDED. Each party is to bear its own costs on appeal.