Frederick G. LUKE and The Luke
Family Trust, Plaintiffs,

v.

Robert ABBOTT, David Goyne, Huck
Henderson, Don Burmania, Michael
Rhodes, Michael R. Capizzi, County of
Orange, and One Hundred Unknown
Named Defendants, Defendants.

No. SA CV 96–176–GLT[RC].

United States District Court,
C.D. California.

March 5, 1997.

Stephen Yagman, Marion R. Yagman, Yagman & Yagman, P.C., Venice, CA, for Plaintiffs.

Gary C. Ottoson, Haight, Brown & Bonestell, Santa Monica, CA, David Goyne, Monterey, CA, Thomas Eck, Office of General Counsel, Los Angeles, CA, Irving Berger, Santa Ana, CA, for Defendants.

## ORDER ON RETENTION OF *MONELL* DEFENDANT

TAYLOR, District Judge.

The Court holds the proper *Monell* defendant in a civil rights case is the local government entity, and not the local government officer sued in official capacity on behalf of the local government entity.

### I. *BACKGROUND*

In this 42 U.S.C. § 1983 civil rights case, plaintiffs sued various defendants including the County of Orange, and Michael Capizzi in his official capacity as District Attorney for the County of Orange.[1] In an earlier order,

1. The First Amended Complaint also alleges causes of action for conspiracy to violate Plaintiffs' civil rights in violation of federal and state law. The *Monell* municipal liability doctrine not only applies to § 1983 cases, but also applies to conspiracy claims under 42 U.S.C. §§ 1985(3) and 1986. *Owens v. Haas,* 601 F.2d 1242, 1247 (2nd Cir.1979), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407, (1979) (*Monell* applies to Section 1985), *Vasquez v. City of Reno,* 461 F.Supp. 1098, 1102 (D.Nev.1978) (*Monell* applies to Section 1986) and *Bell v. City of Milwaukee,*

the Court determined that Capizzi, sued in his official capacity only, was a redundant defendant because the County was also named directly, and granted his motion for judgment on the pleadings.

Plaintiffs now request that the Court not enter judgment for Capizzi, but permit Plaintiffs to choose whether to sue Capizzi in his official capacity as District Attorney for the County of Orange, or sue the County of Orange directly. Plaintiffs assert they, and not the Court, should determine which of the redundant parties will remain in the lawsuit. Plaintiffs propose to dismiss the County, and proceed against Capizzi in his official capacity.

## II. *DISCUSSION*

Suits against individuals in their official capacities developed as a mechanism for avoiding immunities originally afforded state and local governments. The Eleventh Amendment's guarantee of sovereign immunity bars suits against state governments in federal court. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Initially, the Supreme Court also held local governments were immune from § 1983 liability. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

The Eleventh Amendment does not, however, bar suits for injunctive relief against state officers sued in their official capacity. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiffs seeking to enjoin state or municipal activities could therefore sue officers in their official capacity.[2]

In 1978 the Supreme Court overruled *Monroe* and found municipalities and other local governments could be sued for their own unconstitutional or illegal policies under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Official capacity suits are generally another way of pleading an action against an entity of which the officer is an agent. *Monell,* 436 U.S. at 690, n. 55, 98 S.Ct. at 2035 n. 55. For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed. *Vance v. County of Santa Clara,* 928 F.Supp. 993, 996 (N.D.Cal.1996).

The new question presented by this motion is whether the plaintiff can choose between naming the government agency or naming its official capacity officer—in other words, whether the official capacity officer is a proper defendant at all.

Following *Monell,* the Supreme Court first appeared to indicate a § 1983 plaintiff could proceed against a local government entity directly as a named defendant, or indirectly through an "official capacity" officer. *Brandon v. Holt,* 469 U.S. 464, 470–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). Later that year, however, the Supreme Court noted the *Monell* decision rendered official-capacity suits against local officers unnecessary:

> There is no longer a need to bring official-capacity actions against local government officials, for under *Monell,* ..., local government units can be sued directly for damages and injunctive or declaratory relief.

*Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985).

One circuit has interpreted this case as establishing the local government entity as the real party in interest. Unless a plaintiff intends to state a cause of action against a local government official in a *personal* capacity, the local government entity, not the official, should be named:

> Because [the plaintiffs] sought to sue [the officer] in his official rather than personal capacity, the [local government entity], and

746 F.2d 1205, 1272 (7th Cir.1984) (applying *Monell* to claims for participation in a conspiracy to violate an individual's civil rights).

**2.** Justice Rehnquist has opined this process likely arose from the fact equity courts traditionally

acted *in personam,* enforcing their decrees through the contempt power over the individual defendant. *Brandon v. Holt,* 469 U.S. 464, 476, 105 S.Ct. 873, 880, 83 L.Ed.2d 878 (1985) (Rehnquist, J., dissenting).

not [the officer], was the real party in interest. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

*Rosa R. v. Connelly,* 889 F.2d 435, 437 (2nd Cir.1989).

After the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees. A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

### III. *DISPOSITION*

Plaintiffs' motion to retain the District Attorney in his official capacity and dismiss the County is DENIED.