Michael DUPLESSIS, Plaintiff–
Appellant,

v.

CITY OF LOS ANGELES; James Mac-
Donald, Officer # 24274, individually
and as a peace officer; Christopher
Chase, Officer # 33129, individually
and as a peace officer, Defendants–
Appellees.

No. 00–55501.
D.C. No. CV–98–03557–CM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2002.

Decided Feb. 20, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge and ZILLY,* District Judge.

## MEMORANDUM**

Michael Duplessis appeals the district court's judgment, after a jury trial, in his action against Los Angeles police officers alleging excessive force in violation of 42 U.S.C. § 1983 and California state law claims.

At the close of plaintiff's case, the district court granted judgment as a matter of law on Duplessis' intentional infliction of emotional distress claim and "torts in essence" claim. There was no error in the dismissal of the intentional infliction of emotional distress claim because the alleged conduct was not sufficiently outrageous to inflict the requisite degree of distress. *See Agarwal v. Johnson*, 25 Cal.3d 932, 946, 160 Cal.Rptr. 141, 603 P.2d 58 (1979).

The district court also dismissed Duplessis' "torts in essence" claim which, under California law, requires demonstration of a statutory violation. Cal. Evid. Code § 669 (2001). At most, Duplessis established violation of the statutory prohibition against filing a false police report. *See* Cal.Penal Code § 118.1 (2001). However, he did not demonstrate, as also required by California law, that this violation caused an injury of the type the statute was intended to prevent. *See Michael R.*

*v. Jeffrey B.*, 158 Cal.App.3d 1059, 1066, 205 Cal.Rptr. 312 (1984).

The remainder of the case went to the jury with instructions on excessive force, assault and battery, and negligence. When the jury returned the special verdict form, the court granted the defendants' motion for judgment notwithstanding the verdict, apparently concluding that the jury's finding in favor of the plaintiff on the third query, relating to breach of duty to the plaintiff, was contradicted by the findings in favor of the defendants on the first two questions relating to excessive force and assault and battery. Duplessis challenges the district court's judgment NOV, on the ground that the answers were not inconsistent.

When faced with a claim that verdicts are inconsistent, the court must search for a reasonable way to read the verdicts as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict. *Toner v. Lederle Labs.*, 828 F.2d 510, 512 (9th Cir.1987). Duplessis is correct that, on its face, the jury's verdict is not internally inconsistent. Here, the verdicts can reasonably be read as consistent, considering that the jury could have found that the defendants did not use excessive force or commit assault and battery, but that they did negligently breach a duty owed to the plaintiff. Although the defendants attempt to justify the judgment NOV, arguing that plaintiff's case was not tried on a negligence theory, the case went to the jury with instructions permitting the jury to find that the defendants were negligent. Courts are required to consider the consistency of verdicts in light of the jury instructions. *Gallick v. Baltimore &*

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Ohio R. Co.*, 372 U.S. 108, 120–21, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). In this case, the verdicts can be read as consistent and the plaintiff is entitled to a trial on damages for negligence.

The order of the district court granting the judgment NOV is vacated and the matter is remanded for proceedings to determine damages. Each party is to bear its own costs.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.