**Terry HILLBLOM, et al., Plaintiffs,**

v.

**COUNTY OF FRESNO,
et al., Defendants.**

**No. CV F 07–1467 LJO SMS.**

United States District Court,
E.D. California.

Feb. 4, 2008.

Patience Milrod, Law Office of Patience Milrod, Fresno, CA, for Plaintiffs.

James Darvin Weakley, Weakley, Ratliff, Arendt & McGuire, LLP, Fresno, CA, for Defendants.

## ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT

LAWRENCE J. O'NEILL, District Judge.

### INTRODUCTION

Defendants County of Fresno ("County"), former County Sheriff Richard Pierce ("Sheriff Pierce") and three County Sheriff's Department officers [1] seek F.R.Civ.P.

---

1. The three officers are County Sheriff's Department Sergeants E. Broughton ("Sgt.Broughton") and Kathy Carreiro ("Sgt.Carreiro") and County Sheriff's Department Deputy Sheriff Robert Carey ("Deputy Carey"). The County, Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey will be referred to collectively as "defendants".

12(b)(6) dismissal of plaintiffs'[2] 42 U.S.C. § 1983 ("section 1983") and related claims on grounds that the claims fail to allege necessary elements. Defendants pursue an alternative F.R.Civ.P. 12(e) motion for a more definite statement as to plaintiffs' section 1983 illegal arrest and tort in essence claims. Plaintiffs contend that, for the most part, their complaint satisfies requirements to plead necessary elements of their claims. This Court considered the defendants' alternative motions to dismiss and for a more definite statement on the record and VACATES the February 7, 2008 hearing, pursuant to Local Rule 78–230(h). For the reasons discussed below, this Court GRANTS defendants F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(c) relief in part and ORDERS plaintiffs, no later than February 25, 2008, to file a first amended complaint consistent with and in compliance with this order.

## BACKGROUND[3]

### Mr. Hillblom's Arrest

Mr. and Ms. Hillblom are married and are Michael L.'s maternal grandparents. Mr. Hillblom is an inactive attorney. Sgts. Broughton and Carreiro and Deputy Carey are peace officers with the County Sheriff's Department ("Department").

On April 25, 2006 at about 8 p.m., Kimberly L., Michael L.'s mother and daughter of Mr. and Ms. Hillblom, dialed 911 to report that Michael L., then age 14, was at Mr. and Ms. Hillblom's Parlier home and refused to return with Kimberly L. to her Sanger home. Mr. and Mrs. Hillblom were unaware that Kimberly L. had called 911. Kimberly L. sought law enforcement assistance to compel Michael L. to leave with her although Michael L. had resided at Mr. and Mrs. Hillblom's home during the prior four weeks pursuant to a court order. Kimberly L. had lost custody of her then five-year-old daughter and had what plaintiffs' characterize as "a well-documented and significant history of drug abuse and arrests for domestic violence and Health and Safety Code violations."

Deputy Carey arrived at Mr. and Ms. Hillblom's home at around 8:40 p.m. and entered the home at Kimberly L.'s invitation although Deputy Carey knew she did not live in the home and, as plaintiffs' describe, "did not have consent to his entry." After Michael L. did not respond to Kimberly L.'s attempts to summon him and with Kimberly L.'s permission, Deputy Carey proceeded further down a hallway toward a den. Mr. Hillblom, unaware Kimberly L. had summoned law enforcement, requested Deputy Carey to leave the home and offered to accompany Deputy Carey outside to discuss "whatever business" had brought Deputy Carey to the home. Mr. Hillblom informed Deputy Carey that Kimberly L. did not reside in the house, lacked authority to invite Deputy Carey inside, and was present only for a supervised court-ordered visit with her daughter.

After telling Mr. Hillblom to sit down, Deputy Carey advanced within inches of Mr. Hillblom, who demanded that Deputy Carey leave. Deputy Carey responded by slamming Mr. Hillblom into a nearby fireplace, jerking Mr. Hillblom's arms behind Mr. Hillblom's back and handcuffing Mr. Hillblom. Deputy Carey shoved Mr. Hillblom out of the house and locked Mr. Hillblom into Deputy Carey's patrol car.

**2.** Plaintiffs are Terry Hillblom ("Mr.Hillblom"), Sandra Hillblom ("Ms.Hillblom") and Michael L., a minor for whom Mr. and Ms. Hillblom are guardians ad litem and legal guardians. Mr. and Ms. Hillblom and Michael L. will be referred to collectively as "plaintiffs."

**3.** The following factual recitation is derived generally from plaintiffs' complaint.

Mr. Hillblom suffered bruises and cuts to his left forearm and wrist, and his insulin pump was pulled off his belt. Mr. Hillblom, an insulin-dependent diabetic who wears an insulin pump constantly, asked Deputy Carey to reinsert the pump. Deputy Carey responded: "I don't care." Mr. Hillblom remained locked in the patrol car for about 40 minutes without insulin.

Mrs. Hillblom and Michael L. were present and observed Mr. Hillblom's arrest, bleeding, ripping out of his insulin pump, and remaining locked in the patrol car.

### Mr. Hillblom's Citation

After Sgt. Broughton arrived at the home, Mrs. Hillblom informed him of Mr. Hillblom's disconnected insulin pump and bleeding wrist. Mr. Hillblom was uncuffed, treated for his bleeding wrist, and permitted to check his blood glucose and to place a new infusion set into his body.

Sgt. Broughton and Deputy Carey issued Mr. Hillblom a citation for violation of California Penal Code section 148(a)(1) (resisting, obstructing or delaying a peace officer). Sgt. Broughton and Deputy Carey transported Mr. Hillblom to the Reedley Police Department (20 minutes away) where Mr. Hillblom was processed and detained until approximately midnight.

Deputy Carey prepared a crime report which made false statements regarding Mr. Hillblom and which was approved by Sgt. Carreiro, whom plaintiffs allege on information and belief knew or should have known that claims of Mr. Hillblom's criminal conduct were false.

The Fresno County District Attorney's office filed a criminal complaint to charge Mr. Hillblom with violation of California Penal Code section 148(a)(1) (resisting, obstructing or delaying a peace officer). After a suppression motion hearing, the prosecuting deputy attorney moved to dismiss the charge against Mr. Hillblom. Mr. and Mrs. Hillblom claim they incurred legal expenses "to defend against the malicious prosecution triggered by Carey's false report."

### Deputy Carey's Prior History

Plaintiffs claim Deputy Carey has a volatile temper and history of excessive force and related personnel complaints, steroid use, and arrests for violence.

### Plaintiffs' Claims

Plaintiffs' complaint alleges the following claims subject to defendants' challenge:

1. A (first) cause of action under section 1983 for illegal warrantless arrest in that the County, Deputy Carey and Sgts. Broughton and Carreiro's acts and omissions deprived Mr. Hillblom of rights secured by the Fourth, Fifth and Fourteenth Amendments to subject him to excessive and unreasonable force, unjustifiable denial of liberty, deprivation of necessary medical care, and conspiracy to cover up defendants' misconduct by commencement of a fraudulent criminal proceeding;

2. A (third) cause of action for negligent infliction of emotional distress ("NIED") that the unlawful conduct of Deputy Carey and Sgt. Broughton "subjected all of the plaintiffs to mental suffering and emotional distress";

3. A (fourth) cause of action for intentional infliction of emotional distress ("IIED") that the actions of Deputy Carey and Sgt. Broughton "constituted outrageous conduct, undertaken with the intention of causing, or the reckless disregard of the probability of causing, emotional distress";

4. A (fifth) false arrest and false imprisonment cause of action that Deputy Carey and Sgt. Broughton, with

neither a warrant nor probable cause and on the County's behalf, "recklessly and unlawfully detained, arrested and jailed" Mr. Hillblom;

5. A (sixth) torts in essence cause of action that the County, Deputy Carey and Sgts. Broughton and Carreiro breached non-consensual duties arising out of mandatory California Penal Code sections 118, 118.1, 125, 127, 137(c), 148.5, 149 and 182(2) and "assaulted, battered, injured, falsely arrested and filed false crime reports" against Mr. Hillblom; and

6. A (seventh) negligent employment, training and supervision cause of action that the County, Sheriff Pierce and Sgts. Broughton and Carreiro "failed to provide policies and procedures to ensure meaningful reporting, monitoring and investigation of the misuse and abuse of authority by Fresno County Sheriff's deputies, and failed adequately to supervise personnel as to their duties and obligations under the law, policy and practice."

Sheriff Pierce is specifically identified as a defendant in only the (seventh) negligent employment, training and supervision cause of action.[4]

Defendants contend that the above causes of action fail to allege necessary elements or facts for defendants' liability and that Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey are redundantly named in their official capacities. Alternatively, defendants seek a more definite statement of the (first) section 1983 and (sixth) torts in essence causes of action in that they are vague and ambiguous.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990); *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir.1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), and when "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

---

4. The complaint also alleges Mr. Hillblom's (second) assault and battery cause of action that Deputy Carey assaulted and battered Mr. Hillblom to violate California Penal Code sections 149 and 245 in the "immediate presence" of Mrs. Hillblom and Michael L. The assault and battery cause of action further alleges that Mr. Hillblom suffered an illegal and unjustifiable loss of liberty in that he was taken into custody without warrant, justification or probable cause. Deputy Carey does not challenge the assault and battery cause of action with the instant motions.

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir.1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990).

### F.R.Civ.P. 12(e) Motion For More Definite Statement

#### Standards

Defendants (except Sheriff Pierce) pursue an alternative motion for a more definite statement pursuant to F.R.Civ.P. 12(e), which permits a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

A motion for a more definite statement is proper if "defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981); *see Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104, 1114 (N.D.Cal.1979). A F.R.Civ.P. 12(e) motion is designed to strike unintelligibility rather than lack of detail. *See Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D.Nev.1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D.Cal. 1980). A F.R.Civ.P. 12(e) motion should be denied if the pleading provides a "short and plain statement" of the claim showing that the pleader is entitled to relief. *Virgen v. Mae*, 2007 WL 1521553, *2 (E.D.Cal.2007) (citing F.R.Civ.P. 8(a) (2)).

With these standards in mind, this Court turns to defendants' challenges to plaintiffs' claims.

### Plaintiffs' Section 1983 Claims

#### Official Capacity

Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey contend that they are redundantly named in their official capacities to warrant dismissal of the (first) section 1983 cause of action against them in their official capacities. The complaint's opening "Parties and Capacities" paragraphs name Sheriff Pierce in his official capacity and Sgts. Broughton and Carreiro and Deputy Carey in their individual and official capacities. Defendants argue that if the County remains as a defendant, Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey should be dismissed as "redundant defendants."

Official-capacity suits represent a means to plead an action against an entity of which an officer is an agent. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611. "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D.Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal. 1996)).

"[I]t is no longer necessary or proper to name as a defendant a particular local

government officer acting in official capacity." *Luke,* 954 F.Supp. at 204. As the district court in *Luke,* 954 F.Supp. at 204, explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

Plaintiffs note that in "an excess of caution," they brought the (first) section 1983 cause of action against the County and its employees in their official capacities. Plaintiffs seek to amend to name Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey in their individual capacities only. As such, dismissal is proper of the (first) section 1983 cause of action against Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey in their official capacities.

### The County's Section 1983 Liability

The County faults the (first) section 1983 cause of action for failure to allege liability based on the County's actions given that the County is not "directly liable for the acts of its employees." The County notes that the section 1983 cause of action "appears to be based on a theory of vicarious liability" for violation of Mr. Hillblom's Fourth, Fifth and Fourteenth Amendment rights upon Mr. Hillblom's warrantless arrest. The County points to the absence of an alleged custom or policy to hold the County "directly liable for the acts of its employees."

Plaintiffs respond that the County's section 1983 liability flows from its deliberate indifference in policies to hire officers known to be unfit and inadequately to train, discipline or reassign unfit officers.

Plaintiffs seek to amend their complaint "to clarify the County's liability for violation of their civil rights."

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell,* 436 U.S. at 691, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Davis v. Mason County,* 927 F.2d 1473, 1480 (9th Cir.), *cert. denied,* 502 U.S. 899, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir.1989). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell,* 436 U.S. at 691, 98 S.Ct. at 2018. The local government unit "itself must cause the constitutional deprivation." *Gillette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied,* 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478–480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). To maintain a section 1983 claim against a local government, a plaintiff must establish the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell,* 436 U.S. at 691–694, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir.2002).

"In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitu-

tional rights.' " *Lee v. City of Los Angeles,* 250 F.3d 668, 681 (9th Cir.2001) (quoting *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992)). A local government entity may be liable under section 1983 "if its deliberate policy caused the constitutional violation alleged." *Blankenhorn v. City of Orange,* 485 F.3d 463, 484 (9th Cir.2007). As to failure to train employees, the Ninth Circuit Court of Appeals has explained:

> The custom or policy of inaction, however, must be the result of a "conscious," ... or " 'deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " ...

> A local governmental entity's failure to train its employees can also create § 1983 liability where the failure to train "amounts to deliberate indifference to the rights of persons" with whom those employees are likely to come into contact.... "[F]or liability to attach in this circumstance the identified deficiency in a [local governmental entity's] training program must be closely related to the ultimate injury." ... In other words, a plaintiff must show that his or her constitutional "injury would have been avoided" had the governmental entity properly trained its employees....

*Lee,* 250 F.3d at 681 (citations omitted.)

 A section 1983 plaintiff alleging a policy of failure to train peace officers must show: (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons' with whom its peace officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the City properly trained those officers. *Blankenhorn,* 485 F.3d at 463.

The County's challenge to the (first) section 1983 cause of action hangs on a respondeat superior theory. Plaintiffs indicate that they proceed on a deliberate indifference/failure to train theory and seek to amend their section 1983 claims against the County. The above legal authorities support a deliberate indifference/failure to train claim. As such, this Court dismisses the complaint's (first) section 1983 cause of action against the County with leave to amend.

### Mrs. Hillblom and Michael L.'s Lack Of Standing

 Defendants argue that Mrs. Hillblom and Michael L. lack standing to pursue section 1983 claims for unreasonable arrest and excessive force in that the complaint alleges that Mr. Hillblom alone was subject to unreasonable force and unlawful arrest. Mrs. Hillblom and Michael L. respond that they pursue cognizable Fourth Amendment invasion of privacy claims and that the complaint alleges facts for such claims. Plaintiffs note allegations that Michael L. had been living at Mr. and Mrs. Hillblom's home and that Mrs. Hillbloom and Michael L. were present during and observed Deputy Carey's "unwarranted invasion of the Hillblom home and violent arrest of Terry Hillblom." In their reply papers, defendants demonstrate a better understanding of Mrs. Hillblom and Michael L.'s Fourth Amendment claims, which defendants note are limited to "unlawful entry."

 Standing to pursue a Fourth Amendment claim for unreasonable search and seizure turns on "a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois,* 439 U.S. 128, 139, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The United States Supreme Court has further explained that "as a general

proposition, the issue of standing involves two inquiries: first, whether the proponent of a particular legal right has alleged 'injury in fact,' and, second, whether the proponent is asserting his own legal rights and interests rather than basing his claim for relief upon the rights of third parties." *Rakas,* 439 U.S. at 139, 99 S.Ct. 421, 58 L.Ed.2d 387. "Fourth Amendment rights are personal rights which, like some other constitutional rights may not be vicariously asserted." *Brown v. United States,* 411 U.S. 223, 230, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).

Turning to peace officer entry of a home, the Ninth Circuit has explained:
As the officers doubtless knew, physical entry into the home is the "chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States District Court,* 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972); see also *Murdock v. Stout,* 54 F.3d 1437, 1440 (9th Cir.1995) ("[P]rotection of individuals from unreasonable government intrusion into their houses remains at the very core of the Fourth Amendment."). To safeguard the home, we normally require a warrant before the police may enter. "The right of privacy was deemed too precious to entrust to the discretion of those whose job is the detection of crime and the arrest of criminals.... And so the Constitution requires a magistrate to pass on the desires of the police before they violate the privacy of the home." *McDonald v. United States,* 335 U.S. 451, 455–56, 69 S.Ct. 191, 93 L.Ed. 153 (1948); *see also Groh v. Ramirez,* 540 U.S. 551, 560, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004).
*Frunz v. City of Tacoma,* 468 F.3d 1141, 1142–1143 (9th Cir.2006).

In their opening papers, defendants appear to misinterpret Mrs. Hillblom and Michael L.'s claims to address unlawful search and seizure. The complaint does not allege that Mrs. Hillblom and Michael L. were searched or seized. As currently pled, Mrs. Hillblom and Michael L.'s Fourth Amendment claims are limited to invasion of privacy. The complaint adequately alleges Mrs. Hillblom and Michael L.'s right of privacy claims for which they have standing to pursue. Defendants are not entitled to dismissal of such claims, and this Court cannot dismiss claims which are not pled by Mrs. Hillblom and Michael L.

### Sgts. Broughton And Carreiro's Lack Of Direct Participation And Supervision

 Sgts. Broughton and Carreiro fault the (first) section 1983 cause of action's failure to allege "material facts establishing cause or personal participation necessary to form the basis of a Fourth Amendment unreasonable arrest violation." Sgt. Broughton argues that the complaint alleges only that he assisted to transport Mr. Hillblom to jail. Sgt. Broughton claims that he was not directly involved in Deputy Carey's alleged Fourth Amendment violations. Sgt. Carreiro contends that the complaint alleges only that she approved Deputy Carey's crime report.

Plaintiffs respond that the constitutional violations of Sgts. Broughton and Carreiro address unlawful denial of liberty after arrest and generation of a malicious prosecution. Plaintiffs argue that the complaint alleges facts that Sgt. Broughton directly and integrally participated unnecessarily to extend Mr. Hillblom's unlawful detention. Plaintiffs note that the complaint alleges that Sgt. Carreiro knew or should have known that the substance of Deputy Carey's report was untrue.

 "Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue,

and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy,* 844 F.2d 628, 632–633 (9th Cir.1988). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir.1996), *cert. denied,* 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997); *see Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer,* 844 F.2d at 633.

■■■ A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams,* 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright,* 76 F.3d 292, 294 (9th Cir.1996)). A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones,* 297 F.3d at 935. " '[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton County,* 374 F.3d 773, 780 (9th Cir.2004). Integral participation requires "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn,* 485 F.3d at 481, n. 12.

The complaint alleges at least some fundamental involvement of Sgts. Broughton and Carreiro in conduct that allegedly caused Mr. Hillblom's constitutional violations. Sgts. Broughton and Carreiro's arguments raise factual issues not suitable for resolution on their F.R.Civ.P. 12(b)(6) motion. Plaintiffs correctly note their evidentiary burden to support their claims against Sgts. Broughton and Carreiro. Sgts. Broughton and Carreiro fail to substantiate dismissal of Mr. Hillblom's section 1983 claims at this early pleading stage.

In their reply papers, Sgts. Broughton and Carreiro raise for the first time "their roles as a[sic] supervisors" and argue the complaint lacks sufficient allegations to impose section 1983 supervisory liability on them. Sgts. Broughton and Carreiro appear to refer to an introductory allegation that Sgts. Broughton and Carreiro "were supervisory officers and personnel, and in that capacity shared responsibility with defendant PIERCE for the training and supervision of defendant CAREY."

■■■ A moving party's attempt to introduce new facts or different legal arguments in reply papers is improper. *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 894–895, 110 S.Ct. 3177, 3192, 111 L.Ed.2d 695 (1990) (court has discretion to disregard late-filed factual matters); *but see also Glenn K. Jackson v. Roe,* 273 F.3d 1192, 1201–1202 (9th Cir. 2001) (district court's discretion to consider issue raised for first time in reply brief). Sgts. Broughton and Carreiro improperly delayed with their reply papers to attempt to dismiss section 1983 supervisory claims to the extent such claims are alleged. As such, this Court is not in a position to grant such relief. Moreover, there is a question that plaintiffs pursue such section 1983 claims given that the thrust of their supervisory claims appears in their (seventh) negligent employment, training and supervision cause of action.

In her reply papers, Sgt. Carreiro raises for the first time her contention that she cannot be liable "for malicious prosecution under Section 1983, as she, as a police

sergeant, does not initiate criminal prosecutions." Again, Sgt. Carreiro improperly delayed to address this issue. The complaint makes a fact-intensive claim that Sgt. Carreiro approved a crime report which she knew or should have known contained false allegations. As this time, this Court is not in a position to pass on Sgt. Carreiro's section 1983 liability pertaining to the criminal report and charges against Mr. Hillblom.

### Fifth Amendment Violation

The (first) section 1983 cause of action alleges that defendants deprived Mr. Hillblom of Fifth Amendment rights. Defendants note the absence of allegations of a coerced statement used against plaintiffs in a criminal proceedings. Plaintiffs acknowledge that the Fifth Amendment reference was inadvertent and request to delete it. Due to plaintiffs' inadvertence, they are entitled to delete the Fifth Amendment reference.

### Fourteenth Amendment Violations

Defendants argue that plaintiffs are unable to pursue independent Fourteenth Amendment claims based on allegations relating to their superceding Fourth Amendment claims.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S.Ct. at 811. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' " against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide of analyzing these claims." *Albright*, 510 U.S. at 273, 114 S.Ct. at 813 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)).

"Failure to observe the requirements of the fourth amendment will not support an independent claim for a failure of due process, particularly in this case, where the facts supporting each claim are identical." *Simons v. Marin County*, 682 F.Supp. 1463, 1470 (N.D.Cal. 1987). "If the fourth amendment, which specifically governs the standards of arrest has not been breached, neither will the plaintiff be able to state a claim under the more general fourteenth amendment standard." *Simons*, 682 F.Supp. at 1470.

Plaintiffs, in particular Mr. Hillblom, do not challenge meaningfully that Fourth Amendment claims supersede Fourteenth Amendment claims. Plaintiffs point to liberty interest platitudes which are distinct from their particular Fourth Amendment claims. Plaintiffs' key rights at issue address warrantless home entry, excessive force and wrongful arrest—matters subject to the Fourth Amendment's explicit textual source. The Fourth Amendment, not more generalized substantive due process, guides analysis of plaintiffs' claims.

Defendants contend the complaint fails to state a Fourteenth Amendment procedural due process claim given that Mr. Hillblom's underlying criminal action was dismissed. Mr. Hillblom claims that he "has adequately alleged that defendants' actions caused him to suffer a loss of liberty, and even subjected him to incarceration, all without due process."

"The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.' " *Baker*, 443 U.S. at 145, 99 S.Ct. at 2695. A "procedural due pro-

cess claim challenges the procedures used in effecting a deprivation." *Sierra Lake Reserve v. City of Rocklin,* 938 F.2d 951, 957 (9th Cir.1991). "The Constitution does not guarantee that only the guilty will be arrested." *Baker,* 443 U.S. at 145, 99 S.Ct. at 2695.

Plaintiffs point to no precise allegations to support liberty deprivation without due process of law. Again, plaintiffs' allegations are grounded in the Fourth Amendment.

■ Defendants contend that the complaint's Fourteenth Amendment substantive due process claims fail in absence of "indication that any plaintiff suffered a deprivation of a recognized fundamental interest (such as life, liberty, property, privacy, familial association, or pursuit of occupation)" or "conscience shocking" conduct. Plaintiffs point to allegations of Deputy Carey's excessive force as deprivations of liberty "without due process of law" and which "shock the conscience."

■ "The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.' " *Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998). The substantive component of the Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights,* 503 U.S. 115, 128, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992).

■ "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright,* 510 U.S. at 272, 114 S.Ct. at 812. The Fourteenth Amend-

ment's due process clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg,* 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). "There is no general liberty interest in being free from capricious government action." *Nunez,* 147 F.3d at 873. Substantive due process does not protect individuals from all governmental actions that infringe liberty in violation of some law. *Santiago de Castro v. Medina,* 943 F.2d 129, 130–131 (1st Cir.1991). Courts must resist the temptation to augment the substantive reach of the Fourteenth Amendment, "particularly if it requires redefining the category of rights deemed to be fundamental." *Michael H. v. Gerald D.,* 491 U.S. 110, 109 S.Ct. 2333, 2341, 105 L.Ed.2d 91 (1989); *Bowers v. Hardwick,* 478 U.S. 186, 194–95, 106 S.Ct. 2841, 2846, 92 L.Ed.2d 140 (1986).

■ As noted by defendants, emotional health claims do not warrant substantive due process protection. *See Santiago de Castro,* 943 F.2d at 131 (employment supervisor's verbal harassment); *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991) (emotional injury from verbal harassment insufficient to constitute invasion of protected liberty interest); *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989) (policeman's "I'm going to get you" threat "not an actual infringement of constitutional right"); *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (verbal harassment including sheriff's threat to "hang" prisoner states no constitutional deprivation).

This Court is not in a position to augment plaintiffs' Fourth Amendment claims within the Fourteenth Amendment's substantive reach. Again, plaintiffs' allegations support Fourth Amendment claims, not Fourteenth Amendment claims. Plaintiffs'

Fourteenth Amendment claims are dismissed.

### Mr. Hillblom's NIED Claim

■ Defendants argue that Mr. Hillblom's (third) NIED cause of action fails in that Mr. Hillblom is "the alleged injury victim," not a bystander. Plaintiffs acknowledge that Mr. Hillblom was a "direct victim" of Sgt. Broughton and Carreiro and Deputy Carey's breaches of constitutional and statutory duties and suffered injury as a direct and proximate cause of such breaches.

■ NIED is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply. *Huggins v. Longs Drug Stores California, Inc.,* 6 Cal.4th 124, 129, 24 Cal.Rptr.2d 587, 862 P.2d 148 (1993). California law recognizes that "there is no independent tort of negligent infliction of emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993). The existence of a duty is a question of law. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,* 48 Cal.3d 583, 588, 257 Cal.Rptr. 98, 770 P.2d 278 (1989).

■ NIED includes "at least two variants of the theory"—"bystander" cases and "direct victim" cases. *Wooden v. Raveling,* 61 Cal.App.4th 1035, 1037, 71 Cal.Rptr.2d 891, 892 (1998). "The distinction between the 'bystander' and the 'direct victim' cases is found in the source of the duty owed by the defendant to the plaintiff." *Burgess v. Superior Court,* 2 Cal.4th 1064, 1072, 9 Cal.Rptr.2d 615, 831 P.2d 1197 (1992). "Bystander" claims are typically based on breach of a duty owed to the public in general (*Christensen v. Superior Court,* 54 Cal.3d 868, 884, 2 Cal. Rptr.2d 79, 820 P.2d 181 (1991)), whereas a right to recover for emotional distress as a "direct victim" arises from the breach of a duty that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of the defendant's preexisting relationship with the plaintiff (*Burgess,* 2 Cal.4th at 1073–1074, 9 Cal. Rptr.2d 615; *Marlene F.,* 48 Cal.3d at 590, 257 Cal.Rptr. 98, 770 P.2d 278). "[B]ystander liability is premised upon defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another." *Burgess,* 2 Cal.4th at 1073, 9 Cal. Rptr.2d 615.

■ " 'Bystander' cases are cases in which the plaintiff was not physically impacted or injured, but instead witnessed someone else being injured due to defendant's negligence." *Wooden,* 61 Cal. App.4th at 1037, 71 Cal.Rptr.2d at 892. " 'Direct victim' cases are cases in which the plaintiff's claim of emotional distress is not based upon witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff." *Wooden,* 61 Cal.App.4th at 1038, 71 Cal.Rptr.2d at 893–894. In "direct victim" cases, "well-settled principles of negligence are invoked to determine whether all elements of a cause of action, including duty, are present in a given case." *Burgess,* 2 Cal.4th at 1073, 9 Cal.Rptr.2d 615, 831 P.2d 1197. "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and emotional distress is proximately caused by that breach of duty." *Potter,* 6 Cal.4th at 985, 25 Cal.Rptr.2d 550, 863 P.2d 795.

Although the (third) NIED cause of action by itself appears to plead bystander claims of Mrs. Hillblom and Michael L., the cause of action incorporates all prior paragraphs, including alleged breaches of

duties directed to Mr. Hillblom. Defendants' direct victim arguments fail, and in particular, defendants' unsupported assertion that Sgt. Broughton and Deputy Carey's mere response to the scene did not create a "special relationship" with Mr. Hillblom. Sgt. Broughton and Deputy Carey offer nothing pertinent to support an attempt to disavow duties to Mr. Hillblom. The (third) NIED cause of action passes F.R.Civ.P. 12(b)(6) scrutiny.

### IIED Claims Against Sgt. Broughton And Deputy Carey

■ Sgt. Broughton and Deputy Carey argue that Mrs. Hillblom and Michael L.'s (fourth) IIED cause of action fails in the absence of allegations that Sgt. Broughton and Deputy Carey's conduct was directed toward Mrs. Hillblom and Michael L. Plaintiffs respond that the alleged "egregious conduct directed at plaintiff Terry Hillblom, and which occurred in the immediate presence of plaintiffs Sandra Hillblom and Michael L." is sufficient to plead IIED claims for Mr. Hillblom and Michael L.

■ The elements of a cause of action for intentional infliction of emotional distress are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Community Church of the Valley,* 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110, 763 P.2d 948 (1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1644, 104 L.Ed.2d 159 (1989); *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308, 729 P.2d 743 (1987). The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster,* 32 Cal.3d 197, 209, 185 Cal.Rptr. 252, 649 P.2d 894 (1982) (quoting *Cervantez v. J.C. Penney Co.,* 24 Cal.3d 579, 593, 156 Cal. Rptr. 198, 595 P.2d 975 (1979)). Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp.,* 214 Cal. App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

■ To support an IIED claim, the conduct must be more than "intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court,* 54 Cal.3d at 903, 2 Cal.Rptr.2d 79, 820 P.2d 181 (1991). The California Supreme Court has further explained:

"The law limits claims of intentional infliction of emotional distress to egregious conduct toward plaintiff proximately caused by defendant." ... The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff.... Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory....

*Christensen,* 54 Cal.3d at 905–906, 2 Cal. Rptr.2d 79, 820 P.2d 181 (citations omitted.)

Mrs. Hillblom and Michael L. rest their IIED claims on witnessing Deputy Carey's alleged invasion of their home, throwing Mr. Hillblom against a wall, tearing away his insulin pump, and marching Mr. Hillblom to a patrol car where he was locked. Although the complaint does not allege Deputy Carey's conduct was directed at Mrs. Hillblom and Michael L., the complaint alleges Deputy Carey's conduct occurred in Mrs. Hillblom and Michael L.'s presence and that Deputy Carey was so aware. Mrs. Hillblom and Michael L. proceed on a reckless disregard of their interests theory to avoid F.R.Civ.P. 12(b)(6) dismissal of their IIED claims.

### False Arrest And False Imprisonment Claims Against Sgt. Broughton And Deputy Carey

 Sgt. Broughton and Deputy Carey contend that their probable cause to arrest Mr. Hillblom dooms Mr. Hillblom's (fifth) false arrest and false imprisonment cause of action against them and that the complaint supports probable cause by alleging that Mr. Hillblom impeded Deputy Carey's investigation because Mr. Hillblom requested and demanded Deputy Carey to leave his residence. Plaintiffs respond that the complaint alleges "that Mr. Hillblom exercised his constitutional right not to have [Deputy] Carey in his home without his consent, or a warrant, or exigent circumstances." Plaintiffs suggest that the issue of probable cause cannot be determined at the pleading stage.

 "The 'reasonableness' and hence constitutionality of a warrantless arrest is determined by the existence of probable cause." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir.1990). The "question of whether a reasonable officer could have believed probable cause (or reasonable suspicion) existed to justify a search or an arrest is 'an essentially legal question' that should be determined by the district court at the earliest possible point

in the litigation." *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir.1993) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)).

 The "crucial inquiry" is whether there was "probable cause to make the arrest." *Barry*, 902 at 772; *see McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). "Law enforcement officers may make warrantless arrests where there are 'reasonable grounds to believe' that a crime has been committed and the person arrested has committed the offense." *Tachiquin v. Stowell*, 789 F.Supp. 1512, 1518 (E.D.Cal.1992) (quoting *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)). "Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe 'that the suspect has committed, is committing, or is about to commit an offense.' " *Barry*, 902 F.2d at 773 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979)).

This Court disagrees with Sgt. Broughton and Deputy Carey's probable cause analysis. The complaint alleges sufficient facts to vitiate the reasonableness of Deputy Carey's actions, including entry into and traverse through the home and exercise of force on Mr. Hillblom. Mr. Hillblom's purported crime arose from Deputy Carey's alleged illegal acts to negate reasonable grounds to believe Mr. Hillblom committed or had committed a crime. The complaint suggests that had Deputy Carey remained outside the home, probable cause would not have become an issue. Mr. Hillblom's (fifth) false arrest and false imprisonment cause of action is not subject to dismissal at the pleading stage.

### Torts In Essence Claims

■ Defendants contend that plaintiffs' (sixth) torts in essence cause of action "is not cognizable" to warrant its dismissal. As an alternative to dismissal, defendants request that plaintiffs replead the torts in essence cause of action with greater specificity. Plaintiffs respond that the torts in essence cause of action is not subject to F.R.Civ.P. 12 disposition because "it is a mixed question of fact and law, and depends on a factual showing ... that the statutes in question were violated, that the plaintiffs suffered injury and that their injury is 'one of the consequences the [Legislature] sought to prevent through imposing the alleged mandatory duty' prescribed in the statutes in question."

As a reminder, the (sixth) torts in essence cause of action alleges that the County, Deputy Carey and Sgts. Broughton and Carreiro breached non-consensual duties arising out of mandatory California Penal Code sections 118, 118.1, 125, 127, 137(c), 148.5, 149 and 182(2) and "assaulted, battered, injured, falsely arrested and filed false crime reports" against Mr. Hillblom. To support their torts in essence cause of action, plaintiffs cite *Willis v. City of Los Angeles*, 57 Fed.Appx. 283, 289 (9th Cir.2002), where the Ninth Circuit upheld a defense favorable summary judgment of a torts in essence claim in "that the statutes cited do not create private rights of action." Plaintiffs also cite *Duplessis v. City of Los Angeles*, 32 Fed.Appx. 835, 836 (9th Cir.2002), where the Ninth Circuit upheld dismissal of a torts in essence claim because plaintiff did not demonstrate that a statutory violation "caused an injury of the type the statute was intended to prevent."

Plaintiffs do not defend meaningfully their torts in essence cause of action. Plaintiffs fail to demonstrate how their cited California Penal Code sections create private rights of action and how alleged violations of the statutes caused an injury of the type the statutes were intended to prevent. Defendant correctly note that plaintiffs offer no authority that the cited California Penal Code sections mandate a duty on defendants to support a tort claim. Plaintiffs provide no pertinent legal authority for the torts in essence cause of action. This Court is not in a position to construct plaintiffs' torts in essence cause of action when they fail to do. In the absence of sufficient support, the torts in essence cause of action is subject to dismissal.

### Negligent Employment, Training & Supervision Claims

■ Sheriff Pierce and Sgts. Broughton and Carreiro contend that the complaint fails to demonstrate how they negligently failed to train, supervise and employ Deputy Carey to warrant dismissal of the "vague and conclusory" (seventh) negligent employment, training and supervision cause of action. Plaintiffs contend that the cause of action satisfies F.R.Civ.P. 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs note that the details of the Department's decision-making regarding Deputy Carey, especially given his violent history, is subject to discovery, including production of Deputy Carey's personnel file.

Plaintiffs are correct. Their negligent employment, training and supervision claims are fact intensive and not subject to ready disposal at the pleading stage. The negligent employment, training and supervision cause of action satisfies F.R.Civ.P. 8(a) to avoid dismissal.

### County's Direct Tort Liability

The County contends that plaintiffs' tort (third through seventh) causes of action fail to allege a necessary statutory basis for the County's direct tort liability. The County notes that plaintiffs' tort causes of

action fail to identify a statutory basis to find the County "directly liable under tort principles." Plaintiffs acknowledge that their "claims against the County, per se, are restricted to the first [section 1983] cause of action, alleging a *Monell* claim for policies resulting in failures properly to hire or adequately to train Fresno County Sheriff's deputies. Plaintiffs will amend to clarify remaining causes of action."

▆▆▆▆ The California Tort Claims Act, Cal. Gov.Code, §§ 810, et. seq., does not provide that a public entity is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1128, 119 Cal.Rptr.2d 709, 722, 45 P.3d 1171 (2002). California Government Code section 815(a) provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Tort Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829, 15 Cal.Rptr.2d 679, 843 P.2d 624 (1993).

▆▆▆▆ A court first determines whether a statute "imposes direct liability" on a defendant public entity. *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1111, 16 Cal.Rptr.3d 521, 547 (2004). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175,

1183, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003). "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795, 221 Cal. Rptr. 840, 710 P.2d 907 (1985). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal.App.3d 814, 819, 131 Cal.Rptr. 854 (1976).

Plaintiffs appear to acknowledge that the County is not subject to direct liability for plaintiffs' tort (third through seventh) causes of action. Plaintiffs point to no statute to declare the County liable or to create a specific duty of care to subject the County to direct tort liability. As such, the tort (third through seventh) causes of action improperly name the County as a defendant.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES the (first) section 1983 cause of action against Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey in their official capacities;

2. DISMISSES with leave to amend the (first) section 1983 cause of action against the County;

3. DENIES defendants' motion to dismiss Mrs. Hillbom and Michael L.'s Fourth Amendment right of privacy claims alleged in the (first) section 1983 cause of action;

4. DENIES defendants' motion to dismiss Mr. Hillblom's claims against Sgts. Broughton and Carreiro al-

leged in the (first) section 1983 cause of action;

5. ORDERS plaintiffs to omit from their amended complaint reference to a Fifth Amendment claim;

6. DISMISSES with prejudice the Fourteenth Amendment claims alleged in the (first) section 1983 cause of action;

7. DENIES defendants' motion to dismiss Mr. Hillblom's (third) NIED cause of action;

8. DENIES defendants' motion to dismiss Mrs. Hillblom and Michael L.'s (fourth) IIED cause of action;

9. DENIES defendants' motion to dismiss Mr. Hillblom's (fifth) false arrest and false imprisonment cause of action;

10. DISMISSES with prejudice the (sixth) torts in essence cause of action;

11. DENIES defendants' motion to dismiss plaintiffs' (seventh) negligent employment, training and supervision cause of action;[5]

12. DISMISSES with prejudice the tort (third through seventh) causes of action against the County only; and

13. ORDERS plaintiffs, no later than February 25, 2008, to file a first amended complaint consistent with and in compliance with this order.

IT IS SO ORDERED.

---

**5.** The fourth, fifth and seventh causes of action remain viable as to Sheriff Pierce, Sgts. Broughton and Carreiro and Deputy Carey, as applicable, but not as to the County, which is dismissed from the causes of action.