**David FONTANA, Lisa Fontana, Plaintiffs,**

v.

**ALPINE COUNTY, Alpine County Board of Supervisors, Alpine County Sheriff's Office, Alpine County District Attorney's Office, Sheriff John Crawford, Under Sheriff Rob Levy, Sergeant Ron Michitarian, Officer Ed Braz, Officer Spencer Case, District Attorney Will Richmond, and Does 1–100, Defendants.**

**Case No. 2:10–CV–00710 JAM–KJN.**

United States District Court, E.D. California.

Sept. 30, 2010.

Stephen A. Mason, Mason Thomas, Davis, CA, for Plaintiffs.

Terence John Cassidy, Porter Scott, APC, Sacramento, CA, for Defendants.

### ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

JOHN A. MENDEZ, District Judge.

This matter comes before the Court on Defendants' Alpine. County, Alpine County Board of Supervisors, Alpine County Sheriff's Office, Alpine County District Attorney's Office, Sheriff John Crawford ("Crawford"), Under Sheriff Rob Levy ("Levy"), Sergeant Ron Michitarian ("Mi-

chitarian"), Officer Ed Braz ("Braz"), Officer Spencer Case ("Case"), and District Attorney Will Richmond ("Richmond"), (collectively "Defendants"), Motion to Dismiss (Doc. 8), the Complaint filed by David Fontana ("Mr. Fontana") and Lisa Fontana ("Mrs. Fontana"), collectively, ("Plaintiffs"), on grounds of absolute and qualified immunity and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 2006, two girls who were friends with Mr. Fontana's daughter accused Mr. Fontana of touching them inappropriately. After an investigation, Mr, Fontana was charged and tried for the alleged crime. He was acquitted.

The Complaint (Doc. 1) alleges that Defendants violated Mr. Fontana's civil rights under 42 U.S.C. § 1983 by infringing on his Fourth, Sixth, and Fourteenth Amendment rights. Mr. Fontana seeks compensatory and punitive damages and Mrs. Fontana seeks damages for loss of consortium. The Defendants ask this Court to dismiss the Complaint.

The Complaint alleges that the two girls made false accusations which they quickly recanted, but Alpine County continued to pursue the case. Plaintiffs allege that the investigation was improperly conducted because Officer Braz, Sheriff Crawford, Under Sheriff Levy, and Sergeant Michitarian had no training related to sexual abuse investigations.

Plaintiffs allege that those Defendants ignored the recanted accusations, fabricated evidence, withheld exculpatory evidence, intentionally destroyed evidence, spoiled evidence, and denied Mr. Fontana due process. Additionally, the Complaint alleges that Sheriff Crawford and Under Sheriff Levy failed to supervise the investigation.

The Complaint claims that Mr. Fontana was improperly arrested. It alleges that the arresting officers did not have a warrant when they arrested Mr. Fontana at gunpoint from his home.

The Complaint alleges that Defendants violated a gag order and made false statements to third parties regarding the pending investigation and that many of those statements were unsubstantiated. Plaintiffs further allege that District Attorney Will Richmond pursued the case without sufficient evidence and that during the trial Defendants perjured themselves.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

---

**1.** This motion was determined to be suitable for decision without oral argument, E.D.Cal. L.R. 230(g).

L.Ed.2d 929 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. *Section 1983*

Plaintiffs' claims against Defendants are brought under 42 U.S.C. § 1983. To prevail in a § 1983 civil action against state actors for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir.2005) (internal citations omitted).

### B. *Claims for Relief*

Defendants ask the Court to dismiss the Complaint based on the Defendants' absolute and qualified immunity and based on Fed.R.Civ.P. 12(b)(6). The Court will first analyze the immunity arguments because absolute and qualified immunity are intended to provide "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). As such, if Defendants can properly plead immunity, they are "entitled to dismissal...." *Id.* at 526, 105 S.Ct. 2806.

The second part of this Order will address Defendants' 12(b)(6) motion as it pertains to the remaining Defendants.

### 1. *Absolute Immunity*

### a. *District Attorney Will Richmond*

Plaintiffs allege that District Attorney Richmond pursued the criminal case against Mr. Fontana without sufficient evidence. Defendants counter that Plaintiffs are unable to state a claim because Richmond acted in his role as a prosecutor and is protected under absolute immunity in his official capacity and qualified immunity in his personal capacity. Plaintiffs ask the Court to allow discovery to assess the full extent of Richmond's involvement in the investigation and prosecution of the case.

 States and state officials acting in their official capacities are immune from § 1983 liability because they are not considered "persons" under the statute. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

To assess whether the district attorney is considered a state official, and thus immune from § 1983 liability, the court must conduct two inquiries: (1) whether the government official is a "final policymaker[ ] for the local government in a particular area, or on a particular issue" and (2) whether that official has "final policymaking authority" which is a question of state law. *McMillian v. Monroe County*, 520

U.S. 781, 785–86, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

In *McMillian,* the Supreme Court reviewed Alabama's constitution, statutes, and case law to determine whether a county sheriff was a state or county official for purposes of § 1983 liability. *Id.* at 787–93, 117 S.Ct. 1734. On balance, the Court determined that, under Alabama law, a county sheriff was a state official when carrying out his law enforcement duties. *Id.* at 791–93, 117 S.Ct. 1734.

Here, the Court turns to California law to determine whether a district attorney is a state or county official. In *Pitts v. County of Kern,* 17 Cal.4th 340, 70 Cal. Rptr.2d 823, 949 P.2d 920 (1998), the California Supreme Court, following *McMillian,* analyzed California law to hold that a district attorney was a state official for purposes of § 1983 liability while acting in his prosecutorial capacity. *Pitts,* 70 Cal. Rptr.2d 823, 949 P.2d at 928–34. That decision was embraced by the Ninth Circuit in *Weiner v. San Diego County,* 210 F.3d 1025, 1031 (9th Cir.2000) which held that a district attorney is a state official and is not subject to § 1983 liability when deciding whether to proceed with a criminal prosecution. Accordingly, Richmond is considered a state official and is immune from § 1983 liability in his official capacity.

■ Plaintiffs argue that while Richmond is generally entitled to immunity, prosecutorial immunity does not extend to Richmond in his investigatory capacity. *See Hartman v. Moore,* 547 U.S. 250, 262 n. 8, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) (finding that absolute immunity does not extend to a prosecutor's investigatory capacity). Plaintiffs ask the Court to allow this case to continue into discovery because "the parties cannot know the full extent of defendant Richmond's involvement in the investigation and prosecution of the case." Plaintiffs' Opposition to Motion to Dismiss at 3.

However, Plaintiffs have not asserted any plausible allegations to suggest that Richmond engaged in unconstitutional investigatory conduct. Plaintiffs' only allegation against Richmond is that he "pursued the case without sufficient evidence." Complaint at 5. Even assuming this were true, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Plaintiffs' request is essentially asking permission to conduct a fishing expedition. Plaintiffs have not pled any facts that would indicate Richmond acted unconstitutionally during the investigation. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It is inappropriate to assume that Plaintiffs "can prove facts which [they have] not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors of Cal., Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Therefore, because Richmond is protected by prosecutorial immunity and Plaintiffs have failed to provide any allegations that would justify discovery, Defendants' motion to dismiss all claims against Richmond is GRANTED WITHOUT PREJUDICE.

b. *Alpine County District Attorney's Office*

Plaintiffs make no specific allegations against the Alpine County District Attorney's Office. Since Richmond is protected by prosecutorial immunity, the District At-

torney's Office is immune as well. *See Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S.Ct. 855, 862, 172 L.Ed.2d 706 (2009) (holding that all prosecutors in an office enjoy absolute immunity to protect the proper functioning of the office) (internal citations omitted). Moreover since the District Attorney's office is an arm of the County and the County is still a defendant in this action, not dismissing the District Attorney's Office is redundant. Accordingly, Defendants' motion to dismiss all claims against the Alpine County District Attorney's Office is GRANTED WITH PREJUDICE.

### c. *Sheriff Crawford and Under Sheriff Levy*

Plaintiffs allege that Sheriff Crawford and Under Sheriff Levy failed to supervise the investigation by Officer Braz and Sergeant Michitarian and by their actions, Crawford and Levy authorized and/or ratified the officers' misconduct and are liable in their official and personal capacities. Defendants argue that Crawford and Levy are state actors who are protected by Eleventh Amendment sovereign immunity in their official capacities.

To determine immunity, this Court again utilizes the *McMillian* analysis. *See McMillian,* 520 U.S. at 785–86, 117 S.Ct. 1734. There is a split between California law and Ninth Circuit law as to whether a sheriff is a state or county actor. In *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 11 Cal.Rptr.3d 692, 87 P.3d 1 (2004), the California Supreme Court examined applicable California law to reach the conclusion that "sheriffs act on behalf of the state when performing law enforcement duties." *Venegas,* 32 Cal.4th at 826, 11 Cal.Rptr.3d 692, 87 P.3d 1.

However, before the *Venegas* decision, the Ninth Circuit reached the opposite conclusion in *Brewster v. Shasta County,* 275 F.3d 803 (9th Cir.2001)—county sheriffs in California act on behalf of their county, not the state, during the course of investigating crime. *Brewster* predates *Venegas* and the Ninth Circuit has not yet addressed *Venegas* directly.

The issue is which court's interpretation of California law should control. At first glance, the United States Supreme Court's holding in *McMillian,* 520 U.S. at 786, 117 S.Ct. 1734, suggests that the more recent pronouncement in *Venegas* should control because *McMillian* held that the policymaker determination is a question of state law. However, the Ninth Circuit does not have to follow the determinations of the California courts in § 1983 lawsuits. In *Streit v. County of Los Angeles,* 236 F.3d 552 (2001), a § 1983 action, the Ninth Circuit held that "even if the case were on all fours we would not be bound by [the California court's] conclusion regarding section 1983 liability because such questions implicate federal, not state, law." *Streit,* 236 F.3d at 563.

█ Since *Venegas,* district courts in California have continued to follow *Brewster* and have held sheriffs to be county actors who are not immune to § 1983 liability when investigating a crime. *See e.g. Lopez v. Youngblood,* No. 1:07cv0474, 2009 WL 2062883, at *7–8 (E.D.Cal.2009); *Armstrong v. Siskiyou County Sheriff's Department,* No. CIV–S–07–1046, 2008 WL 686888, at *6–7 (E.D.Cal.2008); *Faulkner v. County of Kern,* No. 1:04–CV–05964, 2006 WL 1795107, *15–16 (E.D.Cal. 2006). This Court will follow the Ninth Circuit and other district court precedents and find that when investigating crimes, sheriffs are county actors who are not protected by Eleventh Amendment immunity.

██ Defendants argue that since the County is a Defendant and since the Court finds Crawford and Levy may be liable in their official capacities, a suit against both the County and Crawford and Levy in

their official capacities is redundant. "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle,* 281 F.3d 1014, 1023 n. 8 (9th Cir.2002). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott,* 954 F.Supp. 202, 203 (C.D.Cal.1997). Thus, while Crawford and Levy may be liable in both their official and personal capacities, since the County of Alpine is a defendant in this action, it would be redundant to maintain a suit against Crawford and Levy in their official capacities and against the County.

Accordingly, Defendants' motion to dismiss based on absolute immunity for Crawford and Levy is DENIED. However, because the County of Alpine remains a defendant, Crawford and Levy are dismissed in their official capacities but will remain as defendants in their personal capacities.

### d. *Immunity for Alpine County Sheriff's Office*

Since the Court has concluded that Sheriff Crawford and Under Sheriff Levy are county actors and therefore not entitled to Eleventh Amendment immunity, the Alpine County Sheriff's Office is also not immune from § 1983 liability.

Defendants contend, however, that since the Sheriff's Office is an arm of the County, and the County is still a defendant in this action, it is tantamount to and redundant of suing the County itself if the Sheriff's Office is not dismissed as a defendant. The Court agrees. Accordingly, the motion to dismiss the Alpine County Sheriff's Office is GRANTED WITH PREJUDICE.

### e. *Alpine County Board of Supervisors*

Plaintiffs allege that the Alpine Board of Supervisors failed to train its employees, agents, and/or servants on its policies and procedures. Defendants argue that the Alpine County Board of Supervisors should be dismissed because suing them in their official capacities is the same as suing the County and would be redundant. In addition, Defendants argue that the Board of Supervisors should be dismissed in their personal capacities because Plaintiffs failed to plead facts to suggest that any member of the Board of Supervisors had personal involvement in the investigation and prosecution of Mr. Fontana. Plaintiffs do not dispute that the Alpine County Board of Supervisors should be dismissed from this action and stipulate to the dismissal of this defendant. Accordingly, Defendants' motion to dismiss the Alpine County Board of Supervisors is GRANTED WITH PREJUDICE.

### f. *Sergeant Ron Michitarian, Officer Ed Braz, Officer Spencer Case*

Plaintiffs allege that Sergeant Michitarian and Officer Braz engaged in a negligent investigation in which they fabricated evidence, withheld exculpatory evidence, failed to investigate, intentionally destroyed evidence, and spoiled evidence. Additionally, Plaintiffs allege that Michitarian and Braz had no training related to child abuse investigations. Defendants argue that the suit against the officers in their official capacities should be dismissed as duplicative since they argue that an official capacity suit is the same as suing the municipality. Plaintiffs respond that they should be allowed to continue to sue these two defendants in both their official capacity and personal capacity at least until discovery.

As discussed *supra,* suing a defendant in his official capacity is generally an alternative means of suing the entity of which the

defendant is an officer or agent. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

In contrast, "[p]ersonal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Suever v. Connell*, 579 F.3d 1047, 1060 (9th Cir.2009). To establish personal liability in a § 1983 action, a plaintiff need only show that an official acting under color of state law deprived him or her of a federal right. *Id.* A defendant in a personal-capacity claim may be able to assert personal immunity defenses, such as reasonable reliance on existing law. *Id.*

As with Crawford and Levy, it is redundant for Plaintiffs to sue Alpine County and the officers in their official capacities. Therefore, because Alpine County remains a defendant, Defendants' motion to dismiss the § 1983 claims against Michitarian, Braz, and Case in their official capacities is GRANTED WITH PREJUDICE. The § 1983 claims against the officers in their personal capacities remain. Therefore, the motion to dismiss the officers in their personal capacities is DENIED.

2. *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)*

a. *First Cause of Action: Violation of Civil Rights Under § 1983*

■ The Complaint consists of two causes of action and a demand for damages. The First Cause of Action alleges that Defendants were acting under color of state law when they committed several torts and should be held liable under § 1983. Defendants argue that the First Cause of Action should be dismissed because Plaintiffs fail to allege any substantive federal rights in their § 1983 claim. Plaintiffs respond that § 1983 is appropriate when coupled with other violations of federal law.

As discussed *supra*, § 1983 is a method for vindicating federal rights elsewhere conferred. *Thornton*, 425 F.3d 1158 at 1164. In the First Cause of Action, Plaintiffs merely allege that the Defendants committed torts under state law and do not invoke any federal rights. Plaintiffs fail to explain in their opposition how their First Cause of Action differs from their Second Cause of Action. It appears to this Court that Plaintiffs have identically pled two claims for relief: one for violation of their rights under Section 1983 and the second for violations of their rights under the Fourth, Sixth, and Fourteenth Amendments. Section 1983 is a vehicle by which Plaintiffs may sue for violation of their constitutional rights. Accordingly, the First Cause of Action is duplicative and fails as a matter of law. Therefore, Defendants' motion to dismiss the First Cause of Action is GRANTED WITH PREJUDICE.

b. *Second Cause of Action: Mr. Fontana's Sixth Amendment Rights*

■ In their Second Cause of Action, Plaintiffs allege that Defendants violated Mr. Fontana's Sixth Amendment rights by not disclosing exculpatory evidence. Defendants reply that Plaintiffs fail to suggest a cognizable violation of the Sixth Amendment.

The Supreme Court has never squarely held that the Sixth Amendment Compulsory Process Clause requires the government to produce exculpatory evidence. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Instead, the Court traditionally has evaluated exculpatory evidence claims under the broader protections of the Due Process Clause of the Fourteenth Amendment. *See United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985);

*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

While it is unclear whether withholding exculpatory evidence violates the Sixth Amendment or the Fourteenth Amendment, it is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. 1194. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at 682, 105 S.Ct. 3375 (opinion of BLACKMUN, J.).

Here, Mr. Fontana was acquitted at trial. Despite the acquittal, Plaintiffs allege that the withheld evidence was to their "detriment," a vague allegation. It is unclear how the alleged withholding of evidence violated Mr. Fontana's Sixth Amendments rights given his acquittal. Accordingly, Defendants' motion to dismiss this portion of the Second Cause of Action is GRANTED WITHOUT PREJUDICE.

### c. Second Cause of Action: State Law Claims

Defendants argue that Plaintiffs did not timely file a Government Tort Claim for the state causes of action, as required by the Government Tort Claims Act. Plaintiffs counter that a Government Tort Claim was submitted to the County of Alpine on November 18, 2009. Plaintiffs argue the filing occurred within the proscribed six-month time frame beginning on May 29, 2009 when a jury acquitted Mr. Fontana.

The Court finds the Complaint is confusing with respect to the state law claims. Since the Plaintiffs lumped all of their claims into two causes of action, it is unclear whether Plaintiffs are trying to recover on each state law claim separately or if the claims are part of the § 1983 claim. If Plaintiffs are seeking separate relief for each state law claim, then they should have pled each claim separately and included an allegation as to when the claim accrued. Accordingly, Defendants' motion to dismiss the state law claims is GRANTED WITHOUT PREJUDICE.

### d. Second Cause of Action: Lisa Fontana's Constitutional Claims

Defendants argue that Mrs. Fontana has failed to plead facts sufficient to state a cognizable claim for violation of her constitutional rights. Plaintiffs' response clarified that she is not pleading a violation of her constitutional rights; her sole claim is for loss of consortium as a result of the mental, emotional, and physical toll that the criminal prosecution took on her husband. Like the other state law claims, Plaintiffs should have pled Mrs. Fontana's loss of consortium claim separately and included an allegation as to when the claim accrued. Thus, Defendants' motion to dismiss Mrs. Fontana's claims is GRANTED WITHOUT PREJUDICE.

### e. Punitive Damages Against County of Alpine

Plaintiffs request punitive damages, in addition to compensatory damages and attorney's fees against all Defendants. Defendants argue that as a matter of law, Plaintiffs cannot obtain punitive damages from the County of Alpine. Plaintiffs stipulate to the dismissal of the punitive damages claim against the County. Accordingly, the Defendants' motion to dismiss punitive damages claims against the County of Alpine is GRANTED WITH PREJUDICE.

### III. ORDER

For the reasons set forth above,

The following Defendants are DISMISSED WITH PREJUDICE: Alpine County District Attorney's Office, Sheriff Crawford in his official capacity, Under Sheriff Levy in his official capacity, Alpine County Sheriff's Office, Alpine County Board of Supervisors, Sergeant Michitarian in his official capacity, Officer Braz in his official capacity, Officer Case in his official capacity;

The following Defendant is DISMISSED WITHOUT PREJUDICE: District Attorney Richmond;

Defendants' motion to dismiss the First Cause of Action is GRANTED WITH PREJUDICE;

Defendants' motion to dismiss the Sixth Amendment claims in the Second Cause of Action is GRANTED WITHOUT PREJUDICE;

Defendants' motion to dismiss all state law claims is GRANTED WITHOUT PREJUDICE;

Defendants' motion to dismiss Mrs. Fontana's loss of consortium claim is GRANTED WITHOUT PREJUDICE; and

Defendants' motion to dismiss the punitive damages claim against the County of Alpine is GRANTED WITH PREJUDICE.

Plaintiffs shall file their Amended Complaint within twenty (20) days from the date of this Order.

IT IS SO ORDERED.